UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES MOORE | ) |
| | ) |
|                       *Plaintiff,* | )  No. 17-CV-1310 |
| | ) |
|                       v. | ) |
| | ) |
| SENIOR LIFESTYLE CORPORATION, | ) |
| SENIOR LIFESTYLE MANAGEMENT, | ) |
| LLC | ) |
| SENIOR LIFESTYLE MANAGEMENT | ) |
| 2012, LLC | ) |
| | ) |
|                       *Defendants.* | |

**VERIFIED COMPLAINT**

The Plaintiff, JAMES MOORE, by his attorneys, RIZZO & DIERSEN S.C., by Mick H. Sellergren, do allege the following as a Complaint against the above-named Defendants:

**PARTIES**

1. Plaintiff James Moore ("Moore") is an adult male resident of the State of Illinois residing at 7301 98th Avenue, Kenosha, WI 53142. Moore is a former employee of Senior Lifestyle Corporation.

2. Defendant, Senior Lifestyle Corporation is a foreign business entity registered to do business in the state of Wisconsin with its principle place of business at 303 East Wacker Drive Suite 2400, Chicago, IL 60601. At all times relevant to this Complaint, Senior Lifestyle Corporation operated a senior care facility known as The Addison of Pleasant Prairie ("The Addison") at which Moore was employed, in Kenosha County, Wisconsin.

3. Defendant, Senior Lifestyle Management, LLC is a foreign business entity registered to do business in the state of Wisconsin with its principle place of business at 303 East

1

Wacker Drive Suite 2400, Chicago, IL 60601. Upon information and belief, at all times relevant to this Complaint, Senior Lifestyle Management, LLC managed a senior care facility known as The Addison of Pleasant Prairie ("The Addison") at which Moore was employed, in Kenosha County, Wisconsin.

4. Defendant, Senior Lifestyle Management 2012, LLC is a foreign business entity registered to do business in the state of Wisconsin with its principle place of business at 303 East Wacker Drive Suite 2400, Chicago, IL 60601. Upon information and belief, at all times relevant to this Complaint, Senior Lifestyle Management 2012, LLC managed a senior care facility known as The Addison of Pleasant Prairie ("The Addison") at which Moore was employed, in Kenosha County, Wisconsin.

5. Upon information and belief, all of the aforementioned defendants, Senior Lifestyle, SL Management, and SL Management 2012 were all Moore's employer and were all responsible for the actions that give rise to this Complaint. The aforementioned defendants shall therefore be hereinafter referred to as "The Defendants".

## JURISDICTION

6. This case presents issues under federal law, specifically Title I of the Americans with Disabilities Act of 1990. This Court therefore has federal-question jurisdiction under 28 U.S.C. § 1331.

7. Moore timely filed his Charge of Discrimination with the EEOC.

8. Moore has timely instituted this action on September 25, 2017 after his receipt of Notice of Right to Sue dated June 27, 2017. The Notice of Right to Sue is attached as Exhibit A and incorporated herein.

2

9. The allegations that Moore now brings before the Court track those presented to the EEOC in his Charge of Discrimination.

**VENUE**

10. Venue is proper in the Milwaukee Division of this district under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claim - most particularly Moore's employment with the Defendants - occurred in Kenosha County, Wisconsin.

**BACKGROUND**

11. Moore was hired as a Maintenance Assistant on or around April 20, 2016. At all times relevant to this Complaint, Moore's hourly rate of pay was $13.17 per hour.

12. Moore was seen by Dr. Arvind Ahuja on January 31, 2017. Ahuja indicated in a note that Moore was limited to Light-Medium duty and could lift 20 pounds frequently and up to 35 pounds occasionally. A copy of that note is attached as Exhibit B.

13. On February 1, 2017, Moore gave this information to Maintenance Director Tom White. White forwarded the information to Regional Human Resources Manager Tom McParland. McParland insisted that Moore acquire additional information from Dr. Ahuja. In particular, McParland wanted to know how long the aforementioned restrictions would be in effect. Moore was not allowed to return to work on February 1, 2017.

14. Moore inquired with Dr. Ahuja regarding the duration of the restrictions. Dr. Ahuja modified the original restrictions by indicating that they would "remain in effect until next follow up". Moore provided these updated restrictions to the Defendants on February 2, 2017.

15. On February 3, Respondent requested that Moore acquire even more information from Dr. Ahuja. Respondent provided Moore with a job description that Moore had never seen

3

before. That description is attached as Exhibit C. Moore disagrees with the Defendants' characterization of the job.

16. Moore was not a stranger to back issues. Earlier in his employment with Defendants, it had been necessary for Moore to receive two ablation treatments. Moore's supervisor at the time, George Kind, was familiar with the fact that Moore had a bad back and had required the ablation treatments.

17. Moore met with McParland and other agents of the Respondent on February 16, 2017 to discuss Moore's request for accommodation under the ADA. Moore's purpose in participating was to reach an understanding where he would be able to return to work, regardless of whether or not that understanding was couched in terms of an accommodation under the ADA. Several accommodations were discussed, including allowing Moore to take breaks and to break parcels into smaller pieces so that he would be able to carry them.

18. McParland wrote a letter to Moore dated February 28, 2017 in which McParland indicated that Moore could not be provided with any of his requested accommodations. A copy of that correspondence is attached as Exhibit D.

19. Moore resigned on April 4, 2017 as a direct and proximate result of not being allowed to return to work with an accommodation.

## COUNT 1: DISABILITY DISCRIMINATON IN VIOLATION OF TITLE I OF THE ADA AND THE ADA AMENDMENTS ACT OF 2008

20. Plaintiff hereby incorporates by reference and re-alleges the preceding allegations.

21. Moore was, at all times relevant to this complaint, an individual with a disability who was substantially limited in his ability to perform work. Moore was subject to restrictions involving lifting, standing, and other physical activities and these restrictions were in effect indefinitely.

22. Moore was a qualified employee because he could do the essential functions of his job with reasonable accommodations.

23. Moore was not scheduled to work because of his disability.

24. The Defendants had a duty to provide a reasonable accommodation because Moore requested one.

25. Several accommodations were possible that would not have imposed an undue hardship on the operation of the Defendants' business.

26. The Defendants chose to not accommodate Moore's disability.

27. The Defendants made the decision to stop scheduling Moore for work because of his disability.

28. As a result of Defendants' failure to accommodate Moore's restrictions, Moore has suffered damages including loss of wages and benefits.

**COUNT 2: DISCRIMINATON ON THE BASIS OF PERCIEVED DISABILITY IN VIOLATION OF TITLE I OF THE ADA AND THE ADA AMENDMENTS ACT OF 2008**

29. Plaintiff hereby incorporates by reference and re-alleges the preceding allegations.

30. Upon information and belief, the Defendants believed that Moore was more susceptible to injury because of his back condition. The Defendants also perceived Moore as being limited in his ability to do work by Dr. Ahuja's restrictions involving lifting, standing, and other physical activities and that these restrictions were in effect indefinitely. Moore was, therefore, at all times relevant to this complaint, an individual that the Defendants perceived to be disabled.

31. Moore was a qualified employee because he could perform the essential functions of his job.

5

Case 2:17-cv-01310-NJ   Filed 09/26/17   Page 5 of 7   Document 1

32. The Defendants made the decision to stop scheduling Moore for work because of his perceived disability.

33. As a result of Defendants' discrimination against Moore because of his perceived disability, Moore has suffered damages including loss of wages and benefits.

## PRAYER FOR RELIEF

1. As to Counts 1 and 2, an award of compensatory damages in an amount to be determined pursuant to 42 U.S.C. § 1981a(2) and subject to 42 U.S.C. § 1981a(b)(3).

2. As to Counts 1 and 2, costs and attorneys fees pursuant to 42 U.S.C. § 1988.

3. As to Counts 1 and 2, an award of back pay, including lost fringe benefits, with interest pursuant to 42 U.S.C. § 2000e-5(g)(1) in an amount to be determined.

4. As to Counts 1 and 2, any other equitable relief that the Court finds appropriate pursuant to 42 U.S.C. § 2000e-5(g)(1), including front pay and reinstatement.

A TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted,

 /s/ Mick H. Sellergren
Mick H. Sellergren #1087039
Dated August 7, 2017
Attorney for Plaintiff
Rizzo & Diersen, S.C.
3505 30th Avenue
Kenosha, WI 53144
Telephone: (262) 652-5050
Email: mhs@rizzolaw.com

VERIFICATION

STATE OF WISCONSIN        )
                          ) ss.
COUNTY OF KENOSHA         )

JAMES MOORE being duly sworn, deposes and says that he is the plaintiff in the within action, that he has read the foregoing complaint and knows the content thereof; that the same is true of his own knowledge, expect as to those matters therein stated to be alleged upon information and belief, and as to those matters he believes them to be true.

s/ James Moore

James Moore

Sworn to before me on this
9th day of September, 2017

s/ Christine Lewandowski

Notary Public